IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No.  3:19-CR-186-PLR-DCP |
| SETH T. WILSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

Now before the Court are Defendant Wilson's Motion for Pretrial Notice of Government's Intent to Use 404(b) Evidence [Doc. 22] and Motion for Pretrial Written Notice of any Impeaching Evidence Relating to the Accused Pursuant to Rules 608 and 609 [Doc. 23].  For the reasons discussed in full below, [Doc. 22] will be **DENIED** and [Doc. 23] will be **GRANTED in part**.

**I.    DEFENDANT'S MOTION FOR PRETRIAL NOTICE OF GOVERNMENT'S INTENT TO USE 404(b) EVIDENCE**

Defendant requests [Doc. 22] that the Court order the Government to provide "written notice of any evidence of other crimes, wrongs or acts the Government intends to introduce at trial against the Defendant."  Defendant seeks for the Court to direct the Government to provide such notice at least thirty days before trial, as well as enter an order prohibiting the introduction of "other acts" evidence through direct testimony or cross-examination until the Court determines the admissibility of such evidence outside of the presence of the jury.  [*Id.*].

The Government responds [Doc. 26] that the Court's scheduling order directs the Government to provide notice of the general nature of any Rule 404(b) evidence that it intends to introduce at trial at least seven days before trial. Additionally, the Government submits that while it is not aware of any evidence pursuant to Rule 404(b) that it intends to offer at trial at this time, it objects to any required earlier notice of Rule 404(b) evidence.

Federal Rule of Evidence 404(b)(2)(A) provides that upon the defendant's request, the Government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." The Court's Order on Discovery and Scheduling [Doc. 11 at ¶ I][1] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. Additionally, Defendant has failed to provide a compelling need for an earlier disclosure. Therefore, the Court finds no reason to disturb the seven-day time frame provided in the previous Order on Discovery and Scheduling [Doc. 11].

Further, although Defendant requests an off-the-record, jury-out hearing before the introduction of any Rule 404(b) evidence to determine whether the probative value of this evidence substantially outweighs its prejudicial effect, the Government submits that it is not aware of any such evidence at this time. As the Government will be required to provide notice of any such evidence before trial, Defendant's concerns regarding its admissibility are more properly addressed at a later time. Accordingly, Defendant's Motion for Pretrial Notice of Government's

---

[1] The Court notes that while the specific dates listed in the Order on Discovery and Scheduling [Doc. 11] have been amended several times, the Order's directions on the scope and timing of discovery are controlling. *See, e.g.*, *United States v. Cole*, No. 3:08-CR-48, 2009 WL 596008, at *7 n.5 (E.D. Tenn. Mar. 6, 2009).

2

Intent to Use Rule 404(b) Evidence [Doc. 22] will be **DENIED**, with the issue of the need for a pretrial, jury-out hearing being subject to renewal with the District Court at trial.

II.  **DEFENDANT'S MOTION FOR PRETRIAL WRITTEN NOTICE OF ANY IMPEACHING EVIDENCE RELATING TO THE ACCUSED PURSUANT TO RULES 608 AND 609**

Defendant seeks [Doc. 23] for the Court to order the Government to provide written pretrial notice of any evidence "that it intends to offer or contemplates offering" pursuant to Federal Rules of Evidence 608 and 609. Defendant requests that the Government provide written notice of such impeachment evidence at least thirty days prior to trial.

The Government responds [Doc. 27] that it has fully complied with its discovery obligations as ordered by the Court and required under Federal Rule of Criminal Procedure 16. Additionally, the Government submits that "[t]here is no rule that mandates pretrial discovery of a potential attack upon the credibility of a potential defense witness assuming his character for truthfulness is placed in issue." [*Id.* at 2].

Federal Rule of Evidence Rule 608 permits a party to challenge the credibility of a witness by introducing evidence of the witness's reputation for truthfulness or untruthfulness.[2] Meanwhile, Rule 609 outlines the circumstances under which a witness may be impeached by evidence of a criminal conviction. "Neither of these rules require disclosure prior to trial. Nor does such evidence fall within the scope of the disclosure obligations of Rule 16." *United States v. Davis*, No. 3:11-CR-142, 2012 WL 928344, at *6 (E.D. Tenn. Mar. 19, 2012). "Furthermore,

---

[2] "[E]vidence of truthful character is admissible only after the witness's character for truthfulness has been attacked." Fed. R. Evid. 608(a). Other than criminal convictions under Rule 609, when attacking or supporting the witness' character for truthfulness, specific instances of conduct are inadmissible. Fed. R. Evid. 608(b). On cross-examination, however, the court has discretion to allow inquiry in such instances if "they are probative of the character for truthfulness or untruthfulness." *Id.*

3

the Court questions the practical applicability of requiring pretrial notice of evidence under these rules, especially Rule 609, as they deal with impeachment evidence." *See United States v. Woods*, No. 3:07-CR-143, 2008 WL 53762, at *7–8 (E.D. Tenn. Jan. 3, 2008); *see, e.g.*, *United States v. Horne*, No. 2:13-CR-34, 2013 WL 12415356, at *4 (E.D. Tenn. Aug. 20, 2013) ("The court is unaware of any rule of procedure, or case, that requires the United States to make a pretrial disclosure to the defendant of any impeachment evidence it might use against the defendant in the event he testifies.").

However, Federal Rule of Evidence 609(b)(2) requires the government to give a defendant "reasonable written notice of the intent to use" any convictions that are more than ten years old to impeach him or her at trial, should the defendant choose to testify. Fed. R. Evid. 609(b)(2). As with Rule 404(b) evidence, the Court deems reasonable notice to be *seven days* before trial.

Accordingly, Defendant's Motion for Pretrial Written Notice of any Impeaching Evidence Relating to the Accused Pursuant to Rules 608 and 609 [**Doc. 23**] is **GRANTED in part**, solely in that if the Government intends to use any of Defendant's prior convictions that are more than ten years old to impeach him, if applicable, it must give written notice of the particular conviction and its intent to use the conviction at least seven days before trial. If the admissibility of such evidence becomes an issue at trial, the parties shall, out of the presence of the jury, advise the Chief District Judge, so that the admissibility of the proposed evidence can be determined at that time.

### III. CONCLUSION

Accordingly, for the reasons set forth above, Defendant Wilson's Motion for Pretrial Notice of Government's Intent to Use 404(b) Evidence [**Doc. 22**] is **DENIED,** and Defendant's Motion for Pretrial Written Notice of any Impeaching Evidence Relating to the Accused Pursuant to Rules 608 and 609 [**Doc. 23**] is **GRANTED in part,** solely to the extent that if the Government

4

intends to use any of Defendant's prior convictions that are more than ten years old to impeach him, if he testifies at trial, applicable, it must give written notice of the particular conviction and its intent to use the conviction at least seven days before trial.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge